IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIDGET GREENWOOD )
) No. 15-93
v.

CAROLYN W. COLVIN

## OPINION AND ORDER

### SYNOPSIS

Plaintiff filed an application for supplemental social security income, based on allegations of physical and mental impairments. Plaintiff's claim was denied initially and on reconsideration, and again upon hearing before an administrative law judge ("ALJ"). The Appeals Council denied her request for review, and this appeal followed. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied. This matter will be remanded for further proceedings.

### OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting

1

Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. THE PARTIES' MOTIONS

Plaintiff contends that the ALJ improperly rejected the opinions of three examining sources, instead crediting the opinion of non-examining consultants. The rejected opinions are those of Dr. Cochran, Plaintiff's primary care physician; PA-C Castegnero, a primary care provider; and Dr. D'Eramo, a consulting examiner.

Here, the ALJ found Plaintiff's subjective complaints not entirely credible. Plaintiff testified, inter alia, to constant pain all over, very limited activities of daily living, and extreme fatigue. Essentially, the ALJ rejected her complaints due to normal, mild, and moderate findings of objective testing. The ALJ gave minimal weight to the opinions of Dr. Cochran, who noted Plaintiff's diagnoses of fibromyalgia, depression, and rheumatoid arthritis, and twice

2

opined that Plaintiff was unable to participate in employment activities in any capacity. On October 18, 2011, Dr. Cochran completed a medical source statement, indicating that Plaintiff had marked limitations in concentration, persistence, and pace, and several other significant exertional limitations. The ALJ found those opinions unsupported by the general record, because objective testing revealed normal, mild, or moderate findings. Likewise, the ALJ gave minimal weight to Dr. D'Eramo's opinions, which were generally more restrictive than Dr. Cochran's. The ALJ observed that Dr. D'Eramo's opinions were based solely on Plaintiff's subjective reports, and reiterated the normal, mild, and moderate findings of objective tests. The opinion of Ms. Castagnero, who is not an acceptable medical source under the regulations, was given minimal weight for similar reasons.

The ALJ chose, instead, to give moderate weight to the Disability Determination Explanations, written in 2011 and 2012. The former Explanation did not consider any opinion evidence, and the latter considered Dr. Cochran's medical source statement. The latter Explanation stated, "Claimant has allegations of widespread pain and marked functional limitations due to the alleged pain; however, there is little objective evidence of significant physical impairment." It further stated that Dr. D'Eramo's and Dr. Cochran's assessments overestimated Plaintiff's impairments, because they were based on subjective allegations rather than objective evidence.

It is well-recognized that due to its presentation primarily via subjective complaints, fibromyalgia presents distinctive issues in the disability context.

> Fibromyalgia syndrome is a common and chronic disorder characterized by widespread muscle pain, fatigue, and multiple tender points.... Tender points are specific places on the body - on the neck, shoulders, back, hips and upper and lower extremities, where people with fibromyalgia feel pain in response to slight pressure." "Fibromyalgia's cause is unknown, there is no cure, and it is poorly-understood within much of the medical community. The disease is diagnosed entirely on the basis of patients' reports of pain and

3

other symptoms…." Symptoms associated with fibromyalgia include "pain all over," fatigue, disturbed sleep, stiffness, and tenderness occurring at eleven of eighteen focal points.

Henderson v. Astrue, 887 F. Supp. 2d 617, 634 (W.D. Pa. 2012) (quoting Lintz v. Astrue, 2009 U.S. Dist. LEXIS 39987 (W.D.Pa. May 11, 2009)) (citations omitted).

"Because objective tests may not be able to verify a diagnosis of fibromyalgia, the reports of treating physicians, as well as the testimony of the claimant, become even more important in the calculus for making a disability determination." Perl v. Barnhart, 2005 U.S. Dist. LEXIS 3776, at *3 (E.D. Pa. Mar. 10, 2005). In any event, "a lack of objective evidence, alone is insufficient to reject a treating physician's opinion. '[D]isability may be 'medically determined' for purposes of the Act even when a doctor's opinion is not supported by objective clinical findings.'" Hendrickson v. Colvin, 2014 U.S. Dist. LEXIS 171610, at **29-30 (M.D. Pa. Nov. 21, 2014). "Some courts have found error where the ALJ relied on the lack of objective evidence in making the determination that the claimant was not disabled….Particularly because 'fibromyalgia patients often manifest normal muscle strength and neurological reactions and have a full range of motion,' an ALJ must be cautions [sic] in relying on objective findings and undermining subjective ones." Watkins v. Colvin, 2013 U.S. Dist. LEXIS 65399, at **26-27 (M.D. Pa. May 8, 2013) (citations omitted).

In this particular case, the ALJ found that "medical evidence of record reflects that the claimant has medical signs and objective findings establishing a diagnosis of fibromyalgia syndrome," and found that Plaintiff had a severe impairment of fibromyalgia. Dr. D'Eramo noted positive tenderpoints on exam.[1] There is no indication that any medical source suspected

---

[1] "There are no laboratory tests to confirm a diagnosis of fibromyalgia. … The diagnosis is based on a patient's reports of pain. … The accepted diagnostic test is at least 11 of 18 tenderpoints. … [along with ruling out other

4

malingering. It is also unclear whether the ALJ, when considering Dr. Cochran's opinion, considered the treating source factors identified in 20 CFR § 404.1527(c)(1-6). In any event, the entire structure of Plaintiff's application crumbled due to a noted lack of objective findings. The shortage of objective findings was utilized to undermine her subjective complaints, which was in turn employed by both the ALJ and the non-examining sources to minimize the weight afforded to examining and treating sources. The ALJ cited to no other reason, with regard to Plaintiff's physical impairments, for discounting her credibility, and subsequently the weight to be afforded the examining and treating sources.[2] While there may exist other valid reasons to afford minimal weight to the opinions of these physicians, the ALJ did not state those reasons. In this particular matter, that approach is unjustified.

As I have done previously, "I emphasize that fibromyalgia patients are not per se entitled to disability benefits; moreover, of course, constant complaints to medical providers do not equate to trustworthiness." Young v. Colvin, 2015 U.S. Dist. LEXIS 162451, at *8 (W.D. Pa. Dec. 3, 2015). Instead, a claimant must demonstrate that she has "such a severe case of fibromyalgia as to be totally disabled from working." Sarchet v. Chater, 78 F.3d 305, 307 (7th Cir. 1996). In other words, not every fibromyalgia patient will obtain a favorable result on appeal to a district court. At the same time, however, "it is incumbent upon adjudicators to be as clear and specific as possible when explaining their judgments of the believability of those diagnosed with this poorly understood disorder, which has significant subjective components." Young, 2015 U.S. Dist. LEXIS 162451 at *9.

---

causes,] It is generally the only medical evidence that is ever available to establish fibromyalgia." Olguin v. Astrue, 2009 U.S. Dist. LEXIS 112118, at *16 (C.D. Cal. Dec. 2, 2009) (citations omitted).

[2] As regards Plaintiff's mental impairments, the ALJ offered additional reasons for his findings, including treatment history. I find no cause for concern in that regard, and this Opinion and subsequent remand are limited to Plaintiff's physical condition.

## CONCLUSION

This matter will be remanded, so that the ALJ may explicate his determinations regarding Plaintiff's credibility, and the weight to be afforded the opinions of Drs. D'Eramo and Cochran. An appropriate Order follows.

## ORDER

AND NOW, this 7th day of January, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED, and Defendant's DENIED. This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court